# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TOMMIE PERRIS CRAWFORD,** )<br>)<br>**Plaintiff,** )<br>)<br>) **CIVIL ACTION**<br>**v.** )<br>) **No. 18-2003-KHV**<br>**UNITED STATES MARSHALS SERVICE,** )<br>**et al.,** )<br>)<br>**Defendants.** )<br>_____) | |

## MEMORANDUM AND ORDER

Plaintiff is an inmate at United States Penitentiary in Leavenworth, Kansas. On December 14, 2017, he filed suit against the United States Marshals Service and Ron Miller, a United States Marshal, in the District Court of Leavenworth County, Kansas. Civil Action Under 28 U.S.C. § 2410 (Doc. #1-1) filed January 4, 2018 at 1. Plaintiff seeks immediate release from prison because he has "surrendered a certified copy of a final judgment to the defendants, to foreclose the mortgage" on his person. Id. Plaintiff alleges that he satisfied his criminal judgment through a monetary payment and thus should be released from custody pursuant to 28 U.S.C. § 2410 – a statute which governs causes of actions concerning property on which the United States has a lien. Id. He supports this allegation with a copy of his criminal judgment stamped: "Exempt From Levy . . . ACCEPTED FOR VALUE," dated September 25, 2017. Id. at 3.

On January 4, 2018, defendants removed plaintiff's suit to this Court. Notice Of Removal (Doc. #1). This action is before the Court on Defendants' Motion To Dismiss (Doc. #4) filed

January 5, 2018.[1]

Defendants assert that the Court lacks subject matter jurisdiction or, in the alternative, that plaintiff fails to state a cognizable claim. Memorandum In Support Of United States' Motion To Dismiss (Doc. #5) filed January 5, 2018 at 2. In particular, defendants assert that (1) plaintiff cannot buy his release from prison, id. at 4; (2) plaintiff must challenge his sentence under 28 U.S.C. § 2255, not 28 U.S.C. § 2410, id. at 4-5; (3) the Court lacks jurisdiction because plaintiff has not alleged any grounds to modify his prison term pursuant to 18 U.S.C. § 3582(c), id. at 5-6; (4) defendants do not have authority to release plaintiff from custody, id. at 6; and (5) due to sovereign immunities, defendants cannot be sued in their official capacity, id. at 7-8.

On January 17, 2018, plaintiff filed a motion which asserts that he paid a "legally approved corporate surety" and thus should be released. See Doc. #7 (motion not titled). The Court construes this as his response to defendants' motion to dismiss. Plaintiff's motion does not refute the government's arguments in favor of dismissal. Thus, for substantially the reasons stated by defendants, the Court dismisses plaintiff's complaint with prejudice.[2]

---

[1] On February 2, 2018, plaintiff filed a Motion (Doc. #9), which seeks attorney's fees. On March 7, 2018, plaintiff filed a Motion For Summary Judgment (Doc. #13), which does not comply with District of Kansas Local Rule 56.1. See D. Kan Rule 56.1. Defendants oppose both motions. See Defendants' Response To Crawford's "Motion" (Doc. 9) (Doc. #10) filed February 7, 2018; see Defendants' Response To Crawford's "Motion For Summary Judgment" (Doc. 13) (Doc. #14) filed March 8, 2018.

[2] Defendants ask the Court to (1) find that this case is frivolous and (2) place defendant on notice of the Court's ability to sanction him for filing frivolous civil cases. Memorandum In Support (Doc. #5) at 8-9. The Court considers a document "frivolous" when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (frivolous complaints include "fanciful factual allegation[s]" or "inarguable legal conclusion[s]"). The fact that a party attaches exhibits to a motion does not show that the motion has an arguable basis in law or fact.

(continued...)

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss (Doc. #4) filed January 5, 2018 is **SUSTAINED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion (Doc. #9) filed February 2, 2018 and Motion For Summary Judgment (Doc. #13) filed March 7, 2018 are **OVERRULED** as moot in light of this order, which dismisses plaintiff's complaint with prejudice.

Dated this 14th day of March, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2](...continued)
Defendant's basic contention – i.e. that he can satisfy his criminal judgment and shorten his prison sentence through monetary payments – lacks any basis in law. Further, defendant has "an extensive record of frivolous filings." United States v. Crawford, Crim. No. 05-294 (JRT/AJB), 2009 WL 1096050, at *1 (D. Minn. Apr. 22, 2009); see also Memorandum In Support (Doc. #5) at 1-2 n.1 (summarizing plaintiff's prior filings in the District of Kansas). The Court finds that plaintiff's complaint is frivolous, see Doc. #1-1, and retains authority to sanction plaintiff for frivolous filings in the future. Fed. R. Civ. P 11(c).

Finally, to the extent plaintiff challenges his conviction or sentence, he must seek relief in the district that imposed his sentence under 28 U.S.C. § 2255. Bradshaw v. Story, 86 F.3d 164, 166-67 (10th Cir. 1996). Because the District of Minnesota sentenced plaintiff, the Court lacks jurisdiction to grant relief from his conviction or sentence. United States v. Crawford, 487 F.3d 1101 (10th Cir. 2007); see Bradshaw, 86 F.3d at 167. The Court declines to transfer plaintiff's action to the sentencing jurisdiction pursuant to 28 U.S.C. § 1631 because his claims lack merit and transferring his suit would not further "the interests of justice." See 28 U.S.C. § 1631; see Haugh v. Booker, 210 F.3d 1147, 1150-51 (10th Cir. 2000) (transfer not required when it would waste judicial resources).