## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TOMMIE PERRIS CRAWFORD,**  )  )  **Plaintiff,**  )  )  **v.**  )  )  **UNITED STATES MARSHALS SERVICE,**  )  **et al.,**  )  )  **Defendants.**  )  _____) | **CIVIL ACTION**  **No. 18-2003-KHV** |

### MEMORANDUM AND ORDER

On December 14, 2017, plaintiff – an inmate at United States Penitentiary in Leavenworth, Kansas – filed suit against the United States Marshals Service and Ron Miller – a United States Marshal. Notice Of Removal (Doc. #1) filed January 4, 2018, ¶ 2. Plaintiff alleged that he had "surrendered a certified copy of a final judgment to the defendants, to foreclose the mortgage" on his person and that he had satisfied his criminal judgment with a monetary payment. Civil Action Under 28 U.S.C. § 2410 (Doc. #1-1) at 1 (citing 28 U.S.C. § 2410 (causes of action against United States concerning property on which it has lien)). On January 5, 2018, defendants filed Defendants' Motion To Dismiss (Doc. #4) for lack of subject matter jurisdiction or, in the alternative, failure to state a cognizable claim. Memorandum In Support Of United States' Motion To Dismiss (Doc. #5) filed January 5, 2018 at 2. On January 17, 2018, plaintiff filed a motion, which the Court construed as his response. See Doc. #7 (motion not titled).[1] On March 14, 2018, the Court sustained

---

[1] Plaintiff filed multiple motions while defendants' motion to dismiss was pending. Motion (Doc. #9) filed February 2, 2018 (seeking attorney's fees); Motion For Summary Judgment (Doc. #13) filed March 7, 2018 (did not comply with D. Kan. Rule 56.1).

defendants' motion to dismiss.  See Memorandum And Order (Doc. #17); Judgment In A Civil Case (Doc. #18) filed March 14, 2018.  This matter is before the Court on plaintiff's Demand For Relief Under FRCVP [sic] 60(b) (Doc. #20) filed March 28, 2018, and Mandamus 28 USC [sic] § 1361 (Doc. #25) filed May 4, 2018.  For reasons stated below, the Court overrules plaintiff's motions.

**I.     Demand For Relief (Doc. #20)**

The Court first addresses how to construe plaintiff's motion seeking relief from judgment. While plaintiff titled his motion Demand For Relief Under FRCVP [sic] 60(b) (Doc. #20), a motion's title does not control how the Court construes it.  See Livernois v. Med. Disposables, Inc., 837 F.2d 1018, 1020 (11th Cir. 1988) (nomenclature not controlling of interpretation of post-trial motion); see Aird v. United States, 339 F. Supp. 2d 1305, 1307 n.2 (S.D. Ala. 2004) (same). Whether the Court analyzes the motion under Rule 59(e), Fed. R. Civ. P., or Rule 60(b), Fed. R. Civ. P., depends on when plaintiff filed the motion.  See Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (time of service controls whether motion challenging judgment is under 60(b) or 59(e)); see also Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (same); Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir. 1995) (same).  A Rule 59(e) motion to alter or amend judgment must be filed within 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e). A Rule 60(b) motion, on the other hand, "must be made within a reasonable time," and if the motion is brought under subsections (b)(1), (2) or (3), no more than a year after the entry of the judgment or order.  Fed. R. Civ. P. 60(b).

Because plaintiff filed his motion within 28 days of entry of judgment, the Court treats it as a Rule 59(e) motion to alter or amend the judgment.  Hawkins, 64 F.3d at 546.  Under Rule 59(e), a judgment can be altered or amended because of (1) a change in law; (2) new evidence; and/or

(3) clear error or manifest injustice.  See Servants Of The Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors).  A Rule 59(e) motion is also proper when the Court has obviously misapprehended a party's position or decided issues beyond those presented.  Id.; Anderson v. United Auto Workers, 738 F. Supp. 441, 442 (D. Kan. 1990).  Whether to grant a motion for reconsideration is committed to the Court's discretion.  See Hancock v. Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).

Plaintiff asks the Court to reconsider its order of dismissal and judgment because he did not receive defendants' motion to dismiss or memorandum in support of it.  Demand For Relief (Doc. #20) at 1.  He asserts that because he did not have a sufficient opportunity to refute defendants' arguments, the Court misapprehended his claim and mistakenly analyzed it as a challenge to his sentence and conviction.  Id.

Despite plaintiff's post-judgment insistence, this action sought his immediate release from prison and thus, challenged his sentence.  In his complaint, plaintiff alleged that he had "surrendered a certified copy of a final [criminal] judgment to the defendants, to foreclose the mortgage and recover the exempt property covered thereby."  Civil Action Under 28 U.S.C. § 2410 (Doc. #1-1) at 1.  Two documents attached to his complaint identified the "exempt property" as himself, stating that defendants should "effect the forthwith release of the subject of: Tommie Perris Crawford."  See Id. at 2, 7.  Further, even if the Court assumes that plaintiff did not challenge his conviction or sentence or receive service of defendants' motion and memorandum, plaintiff fails to demonstrate how the Court erred in sustaining defendants' motion to dismiss.  The Court dismissed plaintiff's claim on multiple grounds.  Among other things, the Court held that (1) his argument had no basis in the law – i.e. he cannot buy his release from prison; (2) it lacked subject matter jurisdiction; and

(3) due to sovereign immunities, defendants could not be sued in their official capacity. See Memorandum And Order (Doc. #17) at 2. Plaintiff's motion for reconsideration and numerous other filings do not refute these grounds for dismissal.[2]  Thus, the Court overrules plaintiff's motion.

**II.   Mandamus (Doc. #25)**

On May 4, 2018, plaintiff filed a motion for mandamus to compel the undersigned judge to "do her ministerial duty and honor and enter the entitlement order (Doc. 21)." Mandamus 28 USC § 1361 (Doc. #25). Plaintiff filed his petition for mandamus under 28 U.S.C. § 1361 which grants district courts jurisdiction over actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Tenth Circuit and other courts have held that when a plaintiff seeks to compel judicial action, district courts lack jurisdiction under Section 1361. Trackwell v. United States Gov't, 472 F.3d 1242, 1243, 1247 (10th Cir. 2007); see also Liberation News Serv. v. Eastland, 426 F.2d 1379, 1384 (2d Cir. 1970) (Section 1361 applies only to executive branch); see also Klayman v. Kollar-Kotelly, 892 F. Supp. 2d 261, 264 (D.D.C. 2012). Accordingly, the Court lacks jurisdiction to decide plaintiff's Mandamus 28 USC § 1361 (Doc. #25).

---

[2]   Plaintiff's motion does not identify any error in the Court's judgment. The Court however, may sua sponte correct a mistake in a judgment under Rule 60(a), Fed. R. Civ. P. Because the Court dismissed plaintiff's claim in part for lack of subject matter jurisdiction, its dismissal should have been without prejudice. Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006) (dismissals for lack of jurisdiction must be without prejudice). The Court directs the Clerk to enter an amended judgment which dismisses plaintiff's claim without prejudice. See Boran v. United Migrant Opportunity Servs., Inc., 99 F. App'x 64, 67 (7th Cir. 2004) (district court can amend dismissal with prejudice to without prejudice under Rule 60(a)); see also Fed. Home Loan Mortg. Corp. v. Matassino, 517 F. App'x 687, 688-89 (11th Cir. 2013) (same); see also Rivera v. PNS Stores, Inc., 647 F.3d 188, 196-97 (5th Cir. 2011) (designation of dismissal with prejudice or without prejudice clerical in nature).

**III.     Sanctions**

Defendants urge the Court to impose reasonable sanctions on plaintiff for filing frivolous motions.  Defendants' Response To Crawford's "Motion For Relief" [] (Doc. #22) filed March 28, 2018 at 7; Defendants' Response To Crawford's "Mandamus" [] (Doc. #26) filed May 9, 2018 at 3. Rule 11(c)(2), Fed. R. Civ. P., sets forth procedural requirements for parties seeking sanctions.  The moving party must submit the motion for sanctions separately from other motions or requests; specifically describe the conduct which allegedly violates Rule 11(b); and serve the motion on the opposing party.  See id.  If the offending party does not withdraw the challenged document or conduct after 21 days, the moving party may file its motion for sanctions with the Court.  See id. The plain language of the rule indicates that this procedure is mandatory.  See Rubio ex re. Z.R. v. Turner Sch. Dist. No. 202, 475 F. Supp.2d 1092, 1101 (D. Kan. 2007).  Because defendants failed to follow this procedure, the Court need not respond to defendants' requests for sanctions.

**IT IS THEREFORE ORDERED** that plaintiff's Demand For Relief Under FRCVP [sic] 60(b) (Doc. #20) filed March 28, 2018 is **OVERRULED.**

**IT IS FURTHER ORDERED** that plaintiff's Mandamus 28 USC [sic] § 1361 (Doc. #25) filed May 4, 2018 is **DISMISSED without prejudice for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that pursuant to Rule 60(a), Fed. R. Civ. P., the Clerk is directed to enter an amended judgment which dismisses plaintiff's claim set forth in Civil Action Under 28 U.S.C. § 2410 (Doc. #1-1) filed January 4, 2018 without prejudice.

Dated this 15th day of May, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge